ZARING ET AL. *v.* KELLY ET AL.

[No. 10,485.  Filed November 5, 1920.  Rehearing denied January 6, 1921.]

1. CORPORATIONS.—*Directors.—Fiduciary Relation to Company.* —The fiduciary relation of the directors to their company is such that each has the burden of showing that he acted in good faith with the company, and those connected with its affairs.  p. 583.

2. CORPORATIONS.—*Conversion of Assets by Directors.—Personal Liability.*—Officers and directors in exclusive control of a debtor corporation, and who are charged with the preservation of its assets for the use of those entitled thereto, cannot convert such assets, even though they do so in a manner technically under form of law.  p. 583.

From Marion Superior Court (a1,628) ; *W. W. Thornton,* Judge.

Action by John J. Kelly, receiver of the Morton Place Automobile Company, against William C. Zaring and others.  From a judgment for plaintiff against the defendant named and another, they appeal.  *Affirmed.*

*James E. Rocap* and *J. Fred Masters,* for appellants.

*John W. Holtzman, Albert C. Pearson* and *John J. Kelly,* for appellees.

NICHOLS, J.—Action by appellee John J. Kelly, receiver of the Morton Place Automobile Company, against appellants and his coappellee, Ella C. Zaring, to recover $3,500, the value of certain assets of said company which were alleged to have been converted to their own use by appellants and appellee Ella C. Zaring. There was a verdict and judgment against appellant William C. Zaring for $2,000, and against Elder C. Zaring for $1,500.  The only error assigned and presented by appellants is the court's action in overruling their motion for a new trial, in which it is contended that the evidence is insufficient to sustain the verdict;

that the verdict is contrary to law; that the court erred in refusing appellant's request for peremptory instruction, and in giving certain instructions; and that there was error in admitting certain evidence.

It appears by the evidence that appellant William C. Zaring and appellee Ella C. Zaring are husband and wife, and that appellant Elder C. Zaring is their son. On November 22, 1915, one John R. King was the owner of all the stock of the Morton Place Automobile Company, which included in its assets a certain lease of property in which said company operated its business, which lease said King had in his own name. At said time said King sold the capital stock of said company to the Zarings for $3,500. Elder C. Zaring furnished $500 of the money, and his mother $3,000. William C. Zaring furnished nothing. One share of the stock was transferred to William C. and the remaining forty-nine shares were transferred to Elder C. and held by Ella C. as collateral security for the $3,000. The lease which was the property of the company, though held in trust by King, was by him transferred to William C. Thereafter the company continued to occupy said property for its business, and paid the rent to the lessor. It does not appear that anything was paid to William C. for the use of the property. At the time of the transfer of the property to the Zarings, William C. was the president and one of the directors of the company, and Ella C. and Elder C. were the other directors. Elder C. was, and continued to be, the manager. In August, 1917, William C. and Ella C. resigned as directors, and thereafter Elder C. was the only director and the manager. On December 4, 1917, William C. sold the lease for $2,000 and deposited the money in the Fletcher American Bank of Indianapolis in the name of his wife. On December 5 or 6, 1917, Elder C. sold the personal assets of the company for $1,500, and claimed that he

used it in paying certain debts for which he was personally obligated, and created by him to obtain money for the use of the company.

It is clear from King's evidence that, at the time of the transfer of his stock to the Zarings, he held the lease in trust for the company. When he conveyed it to William C., who paid no consideration, he conveyed no greater title than he possessed himself, and William C. held the lease with the same resulting trust in favor of the company that burdened King's title.

The personal property sold by Elder C. was the property of the company. This is undisputed. He testified that he used the money, $1,500, in paying personal notes that he had given to the People's State Bank to raise money for the company. He did not produce the notes, and the books of the company showed that he was heavily indebted to it. Evidently the jury did not believe him, and we see no reason to interfere with the jury's verdict. The fiduciary relation of each of the appellants to the company was such that each had the burden of showing that he had acted in good faith with the company, and those concerned with its affairs, and this burden they each failed to discharge. To permit such a conversion of the assets of a debtor corporation by those in sole and exclusive control, who are charged with their preservation for use of those entitled thereto, even though it be technically under form of law, would be such a travesty on legal procedure as to breed contempt for our courts. Errors as to instructions and admissibility of evidence are presented, but the verdict of the jury, together with the judgment thereon, is manifestly right, and nothing can be gained by discussing these alleged errors. The judgment is affirmed.